# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| **GLG Farms LLC,** | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim | ) | **DEFENDANT'S MEMORANDUM** |
| Defendant, | ) | **IN SUPPORT OF ITS MOTION** |
| | **)** | **FOR SUMMARY JUDGMENT OF** |
| | ) | **NON-INFRINGEMENT** |
| vs. | ) | |
| | ) | Case No. 4:14-CV-00153-RRE-ARS |
| **Brandt Agricultural Products Ltd.,** | ) | |
| | ) | |
| Defendant and | ) | |
| Counterclaim | ) | |
| Plaintiff. | ) | |

# TABLE OF CONTENTS

I.      INTRODUCTION.........................................................................................1

II.     STATEMENT OF UNCONTESTED FACTS ............................................2

III.    ARGUMENT ...............................................................................................13

  A.   Procedural Background ..............................................................................13

  B.   Defendants Are Entitled To Summary Judgment As A Matter Of Law.....14

    1.  The Brandt Mover Does Not Literally Infringe The '131 Patent Claims
        As Construed By The Court ......................................................................15

    2.  The Brandt Mover Does Not Literally Infringe The '131 Patent Claims
        As GLG Has Requested The Construction To Be Clarified .......................17

    3.  The Brandt Mover Cannot Infringe Under The Doctrine Of Equivalents ..17

IV.     CONCLUSION ...........................................................................................22

# TABLE OF AUTHORITIES

## Cases

*Beckton Dickenson and Co. v. C.R. Bard, Inc.,* 922 F.2d 792 (Fed. Cir. 1990)......14

*Bicon, Inc. v. Straumann Co.,* 441 F.3d 945 (Fed. Cir. 2006).......................... 20, 21

*Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.,* 424 F.3d 1293 (Fed.
    Cir. 2005).......................................................................................................15

*Graver Tank & Mfg. Co. v. Linde Air Products. Co.,* 339 U.S. 605 (1950) ..........18

*Laitram Corp. v. Rexnord, Inc.,* 939 F.2d 1533 (Fed. Cir. 1991)............................15

*Papst Licensing GmbH & Co. KG v. Fujifilm Corp. (In re Papst Licensing
    Digital Camera Patent Litigation),* 778 F.3d 1255 (Fed. Cir. 2015)...................14

*PC Connector Sols. LLC v. SmartDisk Corp.,* 406 F.3d 1359 (Fed. Cir. 2005) .....15

*Sage Products, Inc. v. Devon Indus., Inc.,* 126 F.3d 1420 (Fed. Cir. 1997)............18

*SciMed Life Sys. v. Advanced Cardiovascular Sys.,* 242 F.3d 1337 (Fed. Cir.
    2001) ................................................................................................. 18, 21, 22

*Teledyne McCormick Selph v. United States,* 214 Ct. Cl. 672 (1977).....................16

*Telemac Cellular Corp. v. Topp Telecom, Inc.,* 247 F.3d 1316 (Fed. Cir.
    2001) ..............................................................................................................14

*Tol-O-Matic, Inc. v. Proma Produkt-und-Mktg. Gesellschaft mbH,* 945 F.2d
    1546 (Fed. Cir. 1991) .....................................................................................15

*Tronzo v. Biomet, Inc.,* 156 F.3d 1154 (Fed. Cir. 1998).................................. 20, 21

*Wahpeton Canvas Co. v. Frontier, Inc.,* 870 F.2d 1546 (Fed. Cir. 1989)...............16

*Warner–Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17 (1997) ......... 18, 21

## Rules

Fed. R. Civ. P. 56(a)................................................................................................14

## I.     INTRODUCTION

Plaintiff GLG Farms LLC ("GLG") has accused Defendant Brandt Agricultural Products Ltd. ("Brandt") of infringing GLG's U.S. Patent No. 7,708,131 ("the '131 Patent"). This Court has construed the claims of the '131 Patent to require, among other things, that the claimed swing auger assembly include a first drive assembly that is "arranged for mounting on the base wall on the first side edge of the hopper between the end walls" and a second drive assembly that is "arranged for mounting on the base wall on the second side edge of the hopper between the end walls." Brandt's accused swing away auger mover, the EZSwing Hopper Mover, has drive assemblies that are mounted on the end walls of the hopper and are not arranged for mounting on the base wall on either side edge. Furthermore, because they are attached directly to the end wall, they are most definitely not located "between" the hopper end walls. As a result, for the reasons explained more fully below, Brandt cannot infringe any of the claims of the '131 Patent, literally or under the doctrine of equivalents. Because there can be no genuine issue about this material fact, Brandt is entitled to summary judgment of non-infringement.

## II.    STATEMENT OF UNCONTESTED FACTS

A swing away auger is used by a farmer to move grain from a truck to another receptacle, typically a grain bin. Declaration of Kelly Kuhl (hereinafter "Kuhl Decl."), at ¶ 2, Exhibit D, Eberle Dep., at 24-25. It has a frame (sometimes referred to as an undercarriage) that can lift an auger tube and the auger (or flight) contained within the tube so that the auger can reach into various-sized grain bins. *Id.* The swing away auger has both a main auger tube and a swing away portion of the auger tube. *Id.* The swing away portion includes a hopper, located at the inlet to the swing away portion of the auger tube. *Id., at 25-26. Before using the swing away auger, this hopper must be moved into the proper location. The grain is loaded into this hopper, so that it can enter the inlet of the swing away auger. *Id.* The flight is powered by a tractor, which causes the flight to rotate thereby moving grain through the auger tube. *Id.*

Today Brandt offers several options to its customers for moving the hopper. Declaration of Marc Eberle (hereinafter "Eberle Decl."), at ¶ 8. There is a manual option where the customer can merely push the hopper, which is on wheels, into the desired location. *Id.* There are also two powered options, each having two drive assemblies mounted on the hopper on either side of the inlet. *Id.* The drive assemblies can be either hydraulically powered or electrically powered. *Id.* It is

these electrically powered drive assemblies that are the subject of the present litigation. *Id.*

GLG has accused the EZSwing Hopper Mover, which is pictured below, of infringing the '131 patent. Complaint, at ¶ 23. Eberle Decl., at ¶ 9.



*Id.*; Kuhl Decl., at ¶ 3, Exhibit E, at BAP0004953.

[THIS SPACE INTENTIONALLY LEFT BLANK]

3

Figure 7.9 from the Owner's Manual, depicted below, illustrates how the electric drive assemblies for the electric mover option are mounted on the hopper in the Brandt EZSwing Hopper Mover. Kuhl Decl., at ¶ 2, Exh. D, Eberle Dep., at 53-54; Eberle Decl., at ¶ 10, and Exh. A, Exh. 3 to the Eberle Dep., at BAP0004353.



**Fig. 7.9  Mounting the Left Wheel Assmbly to the Hopper**

*Id.*

[THIS SPACE INTENTIONALLY LEFT BLANK]

4

The hopper has an angled base wall with two side edges, and two end walls, all as shown below ('131 Patent, 3:18-34[1], marked as Exhibit A to the Complaint for Patent Infringement, DE 1-1; Eberle Decl., at ¶ 11; and Exh. B):



**Fig. 27   Swing Hopper Assembly**

Eberle Decl., at ¶ 11; and Exh. B, at BAP000268.

---

[1] All citations to the '131 Patent will be in the form "column number : line number."  For example, column 4, line 21 will be designated as "4:21."

For each drive wheel assembly, according to the instructions in the manual, the owner must first attach a base plate to the end wall of the hopper:

> 13)   Install the Base Plates to the Swing Hopper as shown in Fig. 7.9.  Use five 1/2" x 1" carriage bolts and serrated flange nuts.

Eberle Decl., ¶ 12, and Exh. A, at BAP4353;
Kuhl Decl., at ¶ 2, Exh. D, Eberle Dep., at 53-54.

As an enlarged portion of Figure 7.9 makes clear, the nut and bolt attach the base plate to the end wall only (Eberle Decl., at ¶ 13, Exh. A, at BAP0004353):

[THIS SPACE INTENTIONALLY LEFT BLANK]

6



**Fig. 7.9  Mounting the Left Wheel Assmbly to the Hopper**



*Id.*

7

The wheel assembly is affixed to the base plate with the outer rest pins. Eberle Decl., at ¶ 14. The completed assembly is depicted in Fig. 7.11 below:



Fig. 7.11  Orientation of the Mover Wheels - Top View

Eberle Decl., at ¶ 14, and Exh. A, at BAP4354;
Kuhl Decl., at ¶ 2, Exh. D, Eberle Dep., at 53-54

[THIS SPACE INTENTIONALLY LEFT BLANK]

The photographs at Exhibit B to GLG's Complaint confirm that the drive assemblies are mounted on the end wall and *not* the base wall on the side edge between the end walls (Eberle Decl., at ¶ 15):



*Id.,* Complaint, DE 1-2, at 5.



*Id.,* Complaint, DE 1-2, at 4.

Enlarging the photographs confirms that the drive assemblies are mounted on the end wall (Eberle Decl., at ¶ 15):



*Id.,* Complaint, DE 1-2, at 4.

While there is an additional pin plate located next to the end wall, it is not used when the electric drive assemblies are installed on the hopper. Eberle Decl., at ¶ 16.

[THIS SPACE INTENTIONALLY LEFT BLANK]



**Fig. 7.9  Mounting the Left Wheel Assmbly to the Hopper**

*Id.,* at ¶ 16, and Exh. A, at BAP004353;
Kuhl Decl., at ¶ 2, Exh. D, Eberle Dep., at 53-54.

This pin plate is used to hold the wheel axle (or pin) when there is no drive assembly attached, as shown below. Eberle Decl., at ¶ 17. It is not used when a drive assembly is mounted on the hopper. *Id*.



**Fig. 27    Swing Hopper Assembly**

*Id.*, at ¶ 17, and Exh. B, at BAP000268.

11

In February 2016, GLG's counsel inspected the EZSwing Hopper Mover and took photographs of the accused device. Eberle Decl., at ¶¶ 18-19; Kuhl Decl., at ¶ 5. Those photographs further confirm that the EZSwing drive assemblies are mounted on the end wall of the hopper and not to the base wall, and that the pin plates play no part in the attachment of the drive assemblies to the hopper (Eberle Decl., at ¶¶ 20-21):



*Id.*, at ¶ 21, and Exhibit C, at DSC_1023.

[THIS SPACE INTENTIONALLY LEFT BLANK]

12



*Id.*, at ¶ 21, and Exh. C, at DSC_1024.

## III.    ARGUMENT

### A.    Procedural Background

In its Complaint, GLG has asserted infringement of the '131 Patent.  DE 1. The Complaint raises no other claims.  *Id.*  Brandt's Answer raised affirmative defenses that the '131 Patent is not infringed and is invalid.  DE 9.  Brandt also asserted counterclaims that the '131 Patent is not infringed and is invalid.  *Id.*

In this action, GLG has specifically asserted that Brandt has infringed claims 1, 2, and 4-9 of the '131 Patent.  Kuhl Decl, Exhibit F, Plaintiff GLG Farms LLC's Claim Chart.  On May 11, 2016, the Court issued its Claim Construction Order. DE 58.  In that ruling, the Court found that the claim term "arranged for mounting

13

on the base wall adjacent the first side edge of the hopper" means "arranged for mounting on the base wall on the first side edge of the hopper between the end walls" and that the claim term "arranged for mounting on the base wall adjacent the second side edge of the hopper" means "arranged for mounting on the base wall on the second side edge of the hopper between the end walls." *Id.,* at 20. These claim terms appear in all of the claims asserted by GLG in this case. '131 Patent, at 4:21 – 6:3, DE 1-1.

## B. Defendants Are Entitled To Summary Judgment As A Matter Of Law

Infringement can be found only if an accused device contains every claim limitation or its equivalent. *Papst Licensing GmbH & Co. KG v. Fujifilm Corp.* (*In re Papst Licensing Digital Camera Patent Litigation*), 778 F.3d 1255, 1261 (Fed. Cir. 2015) (citation omitted). Summary judgment is appropriate if, after drawing all factual inferences in favor of the non-movant, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This rule applies equally to patent cases as to any other case. *Beckton Dickenson and Co. v. C.R. Bard, Inc.,* 922 F.2d 792, 795 (Fed. Cir. 1990); *Telemac Cellular Corp. v. Topp Telecom, Inc.,* 247 F.3d 1316 (Fed. Cir. 2001). Summary judgment of non-infringement is proper when no reasonable jury could find that the accused device contains every limitation recited

in the properly construed claim. *PC Connector Sols. LLC v. SmartDisk Corp.,* 406 F.3d 1359, 1364 (Fed. Cir. 2005).

In light of the Court's claim construction ruling that the drive assemblies of the claimed auger assembly must be arranged for mounting *on the base wall on the first [or second] side edge* of the hopper *between the end walls,* there is no genuine issue of material fact that Brandt is entitled to summary judgment of non-infringement and dismissal of this case.

### 1.     The Brandt Mover Does Not Literally Infringe The '131 Patent Claims As Construed By The Court

"To infringe an apparatus claim, the device must meet all of the structural limitations." *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc.¸* 424 F.3d 1293, 1311-12 (Fed. Cir. 2005). The absence of one claim element in the accused product or process avoids infringement; *i.e.*, failure to meet a single claim limitation is sufficient to negate infringement of the claim. *Tol-O-Matic, Inc. v. Proma Produkt-und-Mktg. Gesellschaft mbH*, 945 F.2d 1546, 1552 (Fed. Cir. 1991); *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

Claim 1 requires, among other things, two drive assemblies, each of which must be "arranged for mounting on the base wall adjacent the first [or second] side edge of the hopper." '131 Patent, 4:35-43, DE 1-1. The Court construed these two limitations to each mean "arranged for mounting <u>on the base wall</u> <u>on the first [or</u>

second] side edge of the hopper between the end walls." Claim Construction Order, at 20, DE 58.

As shown by the Owner's Manuals for the Brandt swing away auger, photographs taken by GLG, and GLG's own Complaint, the electric drive assemblies in the accused EZSwing Hopper Mover are mounted onto the hopper end wall and *not* "on the base wall" as required by Claim 1 of the '131 Patent. Nor are they mounted "on the first [or second] side edge of the hopper." Nor are they arranged "between the end walls." For at least these three reasons, the EZSwing Hopper Mover does not literally infringe claim 1.

Claims 2, and 4-9 depend from claim 1. They each include all of the limitations of claim 1. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 (Fed. Cir. 1989) ("One who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim." (quoting *Teledyne McCormick Selph v. United States*, 214 Ct. Cl. 672 (1977))). Therefore, all eight claims asserted against Brandt include these same limitations. *Id.* As a result, because the EZSwing Hopper Mover cannot meet these limitations related to the mounting of the drive assemblies, it does not literally infringe any of the claims of the '131 Patent. *See Wahpeton Canvas Co.*, 870 F.2d at 1553 ("It is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed.").

### 2. The Brandt Mover Does Not Literally Infringe The '131 Patent Claims As GLG Has Requested The Construction To Be Clarified

GLG has asked the Court to "clarify" its claim construction. DE 62. GLG asks that the construction of the claim terms "arranged for mounting on the base wall adjacent the first [or second] side edge of the hopper" be changed to "arranged for mounting on the base wall on the first [or second] side wall of the hopper adjacent the first [or second] side edge." For all the reasons set forth in Brandt's opposition to GLG's motion, the claim construction does not require clarification. *See,* DE 66. However, even if the Court were to adopt GLG's proposed amendment, the modified construction does not literally cover the accused Brandt mover.

Even GLG's modified construction requires that the drive assemblies be mounted "on the base wall on the first [or second] side wall of the hopper," which they are not, as shown above.  Thus, even under GLG's proposed "clarification" none of the claims of the '131 patent cover the Brandt mover and so there is no literal infringement.

### 3. The Brandt Mover Cannot Infringe Under The Doctrine Of Equivalents

The doctrine of equivalents evolved in response to concerns that an "unscrupulous copyist" could avoid literal infringement of a patented invention by making insubstantial changes to the claimed invention. *Graver Tank & Mfg. Co. v.*

*Linde Air Products. Co.,* 339 U.S. 605, 607-08 (1950). However, there are legal limits on the scope of equivalents. For example, the "all elements rule" provides that the doctrine of equivalents does not apply if applying the doctrine would vitiate a claim limitation. *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.,* 520 U.S. 17, 29, 117 S. Ct. 1040, 137 L. Ed. 2d 146 (1997). A closely related corollary, the specific-exclusion rule, prohibits reliance on the doctrine of equivalents if the claim specifically excludes a particular equivalent. *SciMed Life Sys. v. Advanced Cardiovascular Sys.,* 242 F.3d 1337, 1346 (Fed. Cir. 2001).

A particular structure can be deemed outside the reach of the doctrine of equivalents because that structure is clearly excluded from the claims whether the exclusion is express or implied. *SciMed Life Sys.,* 242 F.3d at 1345-46. The present claim limitation, which requires that the drive assemblies be "arranged for mounting *on the base wall* adjacent the first [or second] side edge of the hopper," cannot be broadened using the doctrine of equivalents to cover drive assemblies that are mounted on the end walls because the claim limitation excludes mounting on the end walls.

This case is similar to the oft-cited *Sage Products* case. In *Sage,* the patent claimed a container that included a limitation for "an elongated slot at the top of the container" with "a first constriction extending over said slot." *Sage Products, Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1422 (Fed. Cir. 1997). The accused

18

container had a slot that was in the middle of the container body. *Id.* In addition to finding no literal infringement, the court found that there was no infringement under the doctrine of equivalents; both conclusions that were upheld by the Federal Circuit. *Id.*, at 1425-26. In reaching this conclusion, the appellate court noted that:

> The claim at issue defines a relatively simple structural device. A skilled patent drafter would foresee the limiting potential of the "over said slot" limitation. No subtlety of language or complexity of the technology, nor any subsequent change in the state of the art, such as later-developed technology, obfuscated the significance of this limitation at the time of its incorporation into the claim. If Sage desired broad patent protection for any container that performed a function similar to its claimed container, it could have sought claims with fewer structural encumbrances. Had Sage done so, then the Patent and Trademark Office (PTO) could have fulfilled its statutory role in helping to ensure that exclusive rights issue only to those who have, in fact, contributed something new, useful, and unobvious. Instead, Sage left the PTO with manifestly limited claims that it now seeks to expand through the doctrine of equivalents. However, as between the patentee who had a clear opportunity to negotiate broader claims but did not do so, and the public at large, it is the patentee who must bear the cost of its failure to seek protection for this foreseeable alteration of its claimed structure. *Id.* (citations omitted).

Similarly, in the present case, the '131 patentee chose to leave the U.S. Patent Office with "manifestly limited claims" that require drive assemblies that are mounted (1) on the base wall (2) on the side edge and (3) between the end walls. The patentee cannot then, after the fact and when faced with the consequences of its choice, use the doctrine of equivalents to impermissibly broaden its claims to cover an arrangement that it knew existed in the prior art with drive wheels mounted on the *end wall*. *Id.*, '131 Patent, 1:33-46, DE 1-1; Claim

19

Construction Order, DE 58, at 5. Because of the prosecution choices the patentee made, as a matter of law, the claims of the '131 patent cannot cover an arrangement such as Brandt's where the drive assemblies are mounted on the end wall. *Id.*

"A claim that contains a detailed recitation of structure is properly accorded correspondingly limited recourse to the doctrine of equivalents." *Bicon, Inc. v. Straumann Co.,* 441 F.3d 945, 955 (Fed. Cir. 2006) (finding recitation of a frusto-spherical basal surface excluded "distinctly different and even opposite shapes"). A result in which any product configuration is equivalent to a specific product configuration limitation is "impermissible under the all-elements rule of *Warner–Jenkinson.*" *Tronzo v. Biomet, Inc.,* 156 F.3d 1154, 1160 (Fed. Cir. 1998).

In the present case, the patent specification describes two possible locations for the drive assemblies: to mount them on the end wall as the prior art did ('131 Patent, 1:33-46, Fig. 1, DE 1-1) or to mount them on the base wall in the precise location as was claimed (*Id.,* 4:35-42). As the Court noted in its Order, "[i]n describing the hopper, the inventor made a clear distinction between what was meant by the end walls and what was described as the base wall." DE 58, at 18. "The clear language of the claim describes the drive assemblies as being mounted on the base wall, and *not on the end walls." Id.* (emphasis added).

20

There are effectively two places the drive assemblies could be mounted to the hopper: either on the end wall or on the base wall. Because the patentee chose to claim only the option of mounting on the base wall on the side edge between the end walls, and to not claim the option of attachment to the end wall, GLG is now precluded as a matter of law from claiming that Brandt's drive assemblies mounted to the end wall can be equivalent to the construed claim limitation "arranged for mounting on the base wall on the first [or second] edge between the end walls". *Id.* To allow GLG the scope of equivalents it seeks would impermissibly allow it to cover any attachment location. *Tronzo,* 156 F.3d at 1160. Having chosen "a detailed recitation of structure" GLG's recourse to the doctrine of equivalents is "correspondingly limited." *Bicon,* 441 F.3d at 955.

To find that Brandt's drive assemblies mounted on the end walls meets the mounting limitation under the doctrine of equivalents would improperly vitiate the claim term.  *SciMed Life Sys.,* 242 F.3d at 1346-47 (citing *Warner-Jenkinson Co.,* at 29-30).  The fate of the patentee in this present case must be the same as the patentee in *SciMed:*

> [T]he patentee cannot be allowed to recapture the excluded subject matter under the doctrine of equivalents without undermining the notice function of the patent.  As the court observed in *Sage*, the patentee had an opportunity to draft the patent in a way that would make clear that [the asserted equivalents] were within the scope of the invention, but the patentee did just the opposite, leaving competitors and the public to draw the reasonable conclusion that the patentee was not  seeking  patent  protection  for  [the  asserted  equivalent

21

configuration].   Under these circumstances, the district court was justified in concluding that a reasonable jury could not find that the accused devices infringe the SciMed patents under the doctrine of equivalents. *SciMed Life Sys.,* 242 F.3d at 1347.

Similarly, Brandt's EZSwing Mover, with its drive assemblies mounted on the hopper end walls, cannot meet the limitation requiring mounting on the base wall on the side edges between the end walls under the doctrine of equivalents. Therefore, a reasonable factfinder could not find Brandt's mounting location to be equivalent and summary judgment is appropriate.

## IV.   CONCLUSION

For all of the reasons set forth above, Brandt's EZSwing Mover does not infringe any of the claims of the '131 Patent, literally or under the doctrine of equivalents.  Brandt should be granted summary judgment of non-infringement.

Dated: June 10, 2016                      Respectfully submitted,


                                          /s/ Ann G. Schoen
                                          Ann G. Schoen
                                          FROST BROWN TODD LLC
                                          3300 Great American Tower
                                          301 East Fourth Street
                                          Cincinnati, OH 45202
                                          513.651.6128 Direct
                                          513.651.6800 Main
                                          513.651.6981 Fax
                                          ASchoen@fbtlaw.com

                                          Ryan C. McCamy

22

NILLES, PLAMBECK, SELBO &
HARRIE LTD.
1800 Radisson Tower
201 North Fifth Street
P.O. Box 2626
Fargo, ND 58108
701.237.5544 Main
rmccamy@nilleslaw.com

***Attorneys for Defendant***
***Brandt Agricultural Products Ltd.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certified that on this 10th day of June, 2016, she filed Defendant's Memorandum in Support of Its Motion for Summary Judgment of Non-Infringement along with this accompanying Certificate of Service using the CM/ECF Filing system, which generated a Notification of Electronic Filing to all persons currently registered with the Court in the above referenced matter, including those listed below:

> Chad E. Ziegler, Esq.
> Michael S. Neustel, Esq.
> NEUSTEL LAW OFFICES, LTD
> 2534 South University Drive, Suite 4
> Fargo, ND 58103
> 701.281.8822 Telephone
> 701.237.0544 Fax
> chad@neustel.com
> michael@neustel.com
>
> ***Attorneys for Plaintiff GLG Farms LLC***

/s/ Ann G. Schoen
Ann G. Schoen
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
513.651.6128 Direct
513.651.6800 Main
513.651.6981 Fax
ASchoen@fbtlaw.com

Ryan C. McCamy

24

NILLES, PLAMBECK, SELBO &
HARRIE LTD.
1800 Radisson Tower
201 North Fifth Street
P.O. Box 2626
Fargo, ND 58108
701.237.5544 Main
rmccamy@nilleslaw.com

**Attorneys for Defendant
Brandt Agricultural Products Ltd.**

4815-4341-5858v2

25